PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANDRÉS CARDONA ALVARADO, acusado y apelante.

*Número:* CR-66-183      *Resuelto:* 5 de septiembre de 1967

*Víctor M. Barriera,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El acusado apelante alega que la ilustrada Sala sentenciadora de Ponce del Tribunal Superior de Puerto Rico, cometió un grave error de derecho al denegar la moción sobre supresión de evidencia por ciertas irregularidades cometidas dentro de las diligencias de un allanamiento. La orden se expidió en virtud de la siguiente declaración del agente Antonio Gaudino Vargas:

"En Ponce, Puerto Rico, a 22 de Noviembre de 1965, ante este Tribunal comparece el declarante, mayor de edad, soltero y vecino de Ponce y previo juramento conforme a la ley, declara:

Que conozco a Andrés Cardona quién reside en el Pueblo de Salinas en la calle Esteban Ramos y me consta de propio conocimiento que éste conduce por los caminos públicos de Puerto Rico, el auto que a continuación se describe:

Auto marca Chevrolet, modelo 1957, blanco y rojo, tablillas [*sic*] # 860–645.

Que en dicho vehículo descrito el querellado guarda, vende y retiene bajo su posesión material relacionada con el juego ilegal de la bolita, consistente en listas de papel, que las mismas contienen números de tres cifras guión y otro número o números a la derecha, en violación a la ley # 220 del 15 de mayo del 1948, conocida generalmente como Ley de Bolita o boli-pool.

Que esto me consta porque el día 16 de noviembre del 1965 a eso de las 4:00 P.M. mientras me encontraba por el Pueblo de Salinas, Puerto Rico en un trabajo confidencial y al encontrarme en el referido pueblo y cerca de la Cafetería Hoyos de ese pueblo llegó allí el querellado manejando el auto antes descrito que se detuvo y pude ver cuando un grupo como de tres personas se le acercó y le daban dinero. Que éste me causó sospecha y me acerqué hasta donde se encontraban y pude oir cuando uno de ellos le preguntaba si tenía el 345 y pude ver cuando el querellado cotejaba una lista de papel blanco con números de tres cifras separación y número adicional a la derecha contestándole que lo

tenía cargado y se lo podía conseguir para lo que él quisiera. Que estuve allí por espacio de 30 minutos viendo las transacciones de éstos hasta que el querellado se despidió de éstos diciéndole bueno nos vemos más tarde ya que tengo que ir a la playita, poniendo su auto en marcha y yéndose en dirección a la Playita de Salinas Puerto Rico.

Por la antes expuesto muy respetuosamente solicito de ese Hon. Tribunal que si del modo expresado por mi encuentra que existe causa probable de que el señor Andrés Cardona en su vehículo antes descrito está violando la ley de Bolita se sirva expedir una orden de allanamiento para registrar dicho auto descrito y de la persona que se halle conduciendo los mandamientos de el mismo en cualquier lugar que se encuentre en busca de material relacionado con el juego ilegal de la bolita o cualquier evidencia en contravicción a la ley y si fuese ocupada la traere [sic] a su presencia en la forma y modo que la ley autoriza."

█ Efectuado el allanamiento del automóvil, se encontró una pequeña tirilla de papel de menos de una pulgada de ancho por dos y tres cuartos de pulgadas de largo que contenía las siguientes operaciones:

030-3
051-5
767-3
596-2
259-3
089-3
251-2
702-2

De acuerdo con nuestra jurisprudencia tal listilla constituye material típico de bolita.

La declaración jurada se prestó el 22 de noviembre de 1965, la orden de allanamiento se expidió el 22 de noviembre de 1965, la ejecución de la orden se llevó a cabo el 23 de noviembre de 1965. Este último día el agente Antonio Gaudino Vargas, quien relata la forma como se hizo el allana-

miento, acompañado del Teniente Benítez, el Sargento Pedro Juan Quintero y el Policía Hildebrando Quiñones Torres registraron el vehículo de motor del acusado apelante Andrés Cardona Alvarado: "Este señor iba conduciendo él mismo el automóvil e iba acompañado de una señora. Entonces cuando registramos el vehículo . . . Cuando llegamos al vehículo noté que él le pasó algo que tenía en la mano . . . cogió lo que tenía en las manos lo tiró en la falda de la señora la cual lo cogió y lo metió en su cartera . . . Nosotros registramos la cartera de la señora y el vehículo y encontramos una lista con números de tres cifras, guión y número a la derecha . . . una lista pequeña . . . además él [el acusado apelante] declaró que [la lista] era de él y lo dijo delante del Lcdo. Morales Torres."

■ El acusado apelante impugna, principalmente, el allanamiento porque el agente que presencia el 16 de noviembre de 1965 el hecho delictivo descrito en la declaración jurada, no procedió a arrestar allí mismo al acusado apelante: "No acertamos a comprender el porqué si el automóvil del acusado estuvo detenido en ese sitio por espacio de 30 minutos conforme aparece de la declaración de este policía en Corte y habían [sic] alrededor de 3 personas alrededor de él realizando transacciones de bolita, *en su presencia y en plena vía pública,* . . . no procedió al arresto de todos y a ocupar la evidencia delictiva allí mismo en el acto. . . ." La razón que ofrece el agente encubierto era que tenía instrucciones para proceder de esa manera; posiblemente, añadimos nosotros para no perturbar la "redada policiaca". No creemos que se produjera ninguna ilegalidad en las diligencias del allanamiento que nos obligue a intervenir en este caso, ya que, en este caso el material de bolita se obtiene en virtud del sistema clásico de allanamiento, y no mediante la ocupación inmediata por el agente de orden público, que es la situación que contempla la Sec. 4 de la Ley Núm. 220 de 1948, según enmendada. Lo que sí hiere nuestra sensibilidad judi-

cial es la falta de proporción entre el delito cometido y la penalidad mínima prescrita por la Ley Núm. 220. Pero el remedio hay que irlo a buscar a la legislatura.

*Por las razones expuestas debe confirmarse la sentencia dictada el 18 de febrero de 1966 por la Sala de Ponce del Tribunal Superior de Puerto Rico en la causa criminal Núm. M-65-743 de dicha Sala.*